IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARTHUR T. GRIFFIN JR., | |
| Petitioner, | 8:22CV132 |
| vs. | |
| STATE OF NEBRASKA, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before me for initial review of Petitioner Arthur T. Griffin Jr.'s ("Griffin" or "Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Filing 1.) For the reasons that follow, I will dismiss the petition without prejudice.

Griffin is presently confined in the Douglas County Department of Corrections ("DCDC") in Omaha, Nebraska. Griffin challenges a judgment of conviction entered by the District Court of Douglas County, Nebraska, and lists "K1164220" as the criminal docket or case number. (Filing 1 at CM/ECF p. 1.) Upon review of Griffin's state court records, available to this court online, "K1164220" is the citation number that corresponds to *State v. Griffin*, Case No. CR20-2969, District Court of Douglas County, Nebraska. Griffin alleges in his petition, and his state court records confirm, that he was sentenced to "[t]ime served and probation" after he pleaded no contest to felony possession of a dangerous weapon. (*Id*. at CM/ECF pp. 1, 13.) Griffin's state court records further establish that Griffin was discharged from probation on August 19, 2021. I take judicial notice of Griffin's state court records related to this case.[1]

---

[1] *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

Liberally construed, Griffin alleges violations of his Fourth Amendment rights based on a lack of probable cause and illegal search and seizure. (*Id*. at CM/ECF p. 5.) As relief, Griffin asks for "punitive damages or treble damages." (*Id*. at CM/ECF p. 15.)

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (emphasis in original) (quoting 28 U.S.C. § 2254(a)); *see also Leonard v. Nix*, 55 F.3d 370, 372–73 (8th Cir. 1995); *Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir. 1991), *cert. denied*, 502 U.S. 828 (1991). The Supreme Court interprets the "statutory language as requiring that the petitioner be 'in custody' under the conviction or sentence under attack at the time" the petitioner files the habeas petition. *Maleng*, 490 U.S.at 490–91 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)); *see also Weaver*, 925 F.2d at 1099 ("Custody is tested at the time of filing the petition. A person must be in custody under the conviction or sentence attacked at the time of filing. A person whose sentence has fully expired at the time his petition is filed can not satisfy the custody requirement." (internal citations omitted)). Therefore, once a person has fully served a state prison sentence, he cannot thereafter seek federal habeas corpus review of that sentence, or the conviction that caused it.

Based on the petition's allegations and the judicially noticed state records, Griffin was not "in custody" pursuant to his state court conviction in CR20-2969 when he filed the current petition. The records clearly show that his sentence for that conviction had already expired when he filed this habeas petition on April 11, 2022. Therefore, Griffin cannot satisfy the "in custody" requirement imposed by 28 U.S.C. § 2254(a). *See Maleng*, 490 U.S. at 491 ("We have never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." (emphasis in original)). Because Griffin was not "in custody" pursuant to his

2

conviction in CR20-2969 when he filed his current petition, the court lacks subject matter jurisdiction over this habeas proceeding. *See Weaver*, 925 F.2d at 1099 (A "district court lacks subject-matter jurisdiction" if the "petitioner does not satisfy the custody requirement."); *see also Love v. Tippy*, 128 F.3d 1258, 1258–59 (8th Cir. 1997) (per curiam); *Charlton v. Morris*, 53 F.3d 929, 929 (8th Cir. 1995) (per curiam), *cert. denied*, 516 U.S. 926 (1995); *Miles v. Maschener*, 175 F.3d 1025 (8th Cir. 1999) (per curiam) (unpublished) (Table Decision).

The court recognizes that Griffin is currently confined in the DCDC and, according to the online records of the DCDC, is being held on charges of theft by shoplifting $500 or less (3 or more offenses) and disorderly conduct. *See* https://corrections.dccorr.com/accepted?datanum=1551891 (last visited July 19, 2022).[2] The court is mindful that there may be other "collateral consequences" attributable to Griffin's conviction in CR20-2969, such as possible sentence enhancements on later convictions, the inability to vote, engage in certain businesses, hold public office, or serve as a juror. *See Maleng*, 490 U.S. at 491–92; *Carafas*, 391 U.S. at 237. It is well-settled, however, that such collateral consequences alone do not satisfy the statutory "in custody" requirement of the federal habeas corpus statute. As the Supreme Court explained in *Maleng*, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." 490 U.S. at 492. Therefore, even though Griffin might have experienced, might still be experiencing, or might experience in the future, some adverse consequences from his conviction in CR20-2969, those collateral consequences do not cause him to currently be "in custody" in CR20-2969 for purposes of § 2254(a). *See id.*

In sum, because Griffin was no longer serving his sentence for his conviction in CR20-2969 when he filed this habeas petition, he cannot satisfy the "in custody" prerequisite for seeking federal habeas corpus review of that

---

[2] The court also takes judicial notice of the public records of the DCDC. *See Stutzka*, *supra* n.1.

conviction. Accordingly, the court lacks jurisdiction over this case and will dismiss the petition without prejudice. *See Love*, 128 F.3d at 1258–59; *Charlton*, 53 F.3d at 929; *Miles*, 175 F.3d 1025. For the sake of completeness, I also note that Griffin's requested relief of damages is not available in a federal habeas corpus proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Griffin is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing 1) is dismissed without prejudice for lack of jurisdiction. No certificate of appealability has been or will be issued.

2. A judgment will be entered by separate document.

Dated this 19th day of July, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge